THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CONKLIN, Appellant. [17 NYS3d 300]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered May 8, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The evidence established that an officer saw defendant in the hallway outside of his apartment with a firearm in plain view.

The court's *Sandoval* ruling, which permitted inquiry into only some of defendant's convictions, and precluded inquiry into their underlying facts, was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]).

The court appropriately instructed the jury that the hallway outside of defendant's apartment was, as a matter of law, outside of defendant's "home" for purposes of Penal Law § 265.03 (3), because defendant lacked a privacy interest in a hallway open, at least, to all residents and their invitees, and there was no factual issue to be resolved by the jury (*see People v Powell*, 54 NY2d 524, 530-531 [1981]; *People v Porto*, 273 AD2d 139 [1st Dept 2000], *lv denied* 95 NY2d 907 [2000]; *see also People v White*, 75 AD3d 109, 121-122 [2d Dept 2010], *lv*

*denied* 15 NY3d 758 [2010]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.